IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street, SW, Suite 800<br>Washington, D.C. 20024 | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | Civil Action No. _____ |
| v. | )<br>) | |
| INTERNAL REVENUE SERVICE,<br>1111 Constitution Avenue, NW<br>Washington, D.C. 20224 | )<br>)<br>)<br>) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant Internal Revenue Service to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, D.C. 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant Internal Revenue Service is an agency of the United States Government and is headquartered at 1111 Constitution Avenue, NW, Washington, D.C. 20224. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On July 18, 2014, Plaintiff sent a FOIA request to Defendant seeking access to "[a]ny and all records concerning, regarding, or related to the destruction of damaged hard drives from IRS employee computers from January 1, 2010 to the present."

6. By letter dated August 18, 2014, Defendant acknowledged receiving the request on July 21, 2014 and assigned the request case number F14203-0174.

7. By letter dated October 14, 2014, Defendant notified Plaintiff that it did not find "documents specifically responsive" to Plaintiff's request. In the same letter, Defendant also stated that "records that pertain to the destruction of damaged hard drives are not maintained in a searchable manner," contradicting its earlier statement.

8. By letter dated November 18, 2014, Plaintiff appealed Defendant's final determination. On appeal, Plaintiff requested that Defendant conduct another search and provide full access to the documents responsive to its requests. Plaintiff also indicated that it is extremely unlikely that no searchable records exist on this subject, within the time frame of Plaintiff's FOIA request, given the extensive media coverage on the "lost" records as a result of IRS employees' hard drive crashes and the subsequent destruction of said hard drives.

9. In a related FOIA lawsuit filed by Plaintiff against the Defendant in this Court, Case No. 1:13-cv-1559-EGS, Defendant submitted a sworn declaration on August 11, 2014 that describes, in part, the process for the destruction of damaged hard drives, and specifically the damaged hard drive of former IRS employee Lois Lerner.  *See generally* Declaration of Stephen L. Manning dated July 18, 2014, *Judicial Watch v. IRS,* Case No. 1:13-cv-1559-EGS (DKT No. 26-3).  The declaration specifically references "standard Internal Revenue Procedure disposal procedures for any equipment with data storage capability."  *Id.*, at ¶ 17.  Defendant later submitted another declaration, which referenced and attached IRS FORM 1933 and IRS Standard Form 120 Rev.  Both forms refer to and concern the removal and disposal of equipment with data storage capability in June 2012, including a Blackberry device issued to Lois Lerner.  *See* Declaration of Thomas J. Kane dated August 22, 2014, *Judicial Watch v. IRS*, Case No. 1:13-cv-1559-EGS (DKT No. 28-2).  At a minimum, IRS Form 1933, IRS Standard Form 120 Rev., "the standard Internal Revenue Procedure disposal procedures" and any other records describing or related to the destruction of damaged hard drives during the time frame of Plaintiff's FOIA request are responsive to Plaintiff's request in this case.

10. By letter dated December 2, 2014, Defendant acknowledged receiving Plaintiff's administrative appeal on November 24, 2014.

11. On December 10, 2014, Defendant denied Plaintiff's administrative appeal and its request to conduct a new search of records responsive to Plaintiff's FOIA request.

12. As of the date of this complaint, Defendant has failed to: (i) conduct a search reasonably calculated to lead to the discovery of responsive records; (ii) produce the requested records or (iii) otherwise demonstrate that the requested records are exempt from production.

13. Plaintiff has exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

14. Plaintiff realleges paragraphs 1 through 13 as if fully stated herein.

15. Defendant is unlawfully withholding records requested by Plaintiff under FOIA.

16. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA request and will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:   February 18, 2015

Respectfully submitted,

*/s/ Ramona R. Cotca*
Ramona R. Cotca
D.C. Bar No. 501159
JUDICIAL WATCH, INC.
425 Third Street, SW, Suite 800
Washington, DC 20024
(202) 646-5172
rcotca@judicialwatch.org

*Attorney for Plaintiff*