IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |  | |
|---|---|---|---|
| JUDICIAL WATCH, INC., | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Case No. 1:15-cv-00237-EGS | |
| | ) | | |
| INTERNAL REVENUE SERVICE, | ) | | |
| | ) | | |
| Defendant. | ) | | |
| _____ | ) | | |

**ANSWER**

DEFENDANT, the Internal Revenue Service, responds to the enumerated allegations of Plaintiff's complaint as follows:

1. Admits.

2. Admits.

3. Admits that Judicial Watch, Inc., is a not-for-profit organization headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Further admits that Judicial Watch, Inc., regularly requests records from federal agencies under the Freedom of Information Act. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph three.

4. Admits that the Internal Revenue Service is an agency of the United States Government headquartered at 1111 Constitution Avenue, NW, Washington, DC 20224. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph four.

5. Admits that the Service received a FOIA request dated July 18, 2014 submitted by the Plaintiff; admits the allegations in paragraph seven insofar as they describe quoted excerpts from this letter.

6. Admits the allegations in paragraph six insofar as they describe content from a letter by Defendant dated August 18, 2014.

7. Admits the allegations in paragraph seven insofar as they describe quoted excerpts from a letter by Defendant dated October 14, 2014.  Denies the remaining allegations in paragraph 7, including Plaintiff's allegation that excerpted language from that letter is contradictory.

8. Admits the allegations in paragraph eight insofar as they describe excerpts from a letter by Plaintiff dated November 18, 2014; to the extent Plaintiff's allegations characterize certain agency records of the Defendant, defendant denies such allegations.

9. Admits that the Internal Revenue Service submitted declarations in the pending suit *Judicial Watch, Inc. v. Internal Revenue Serv.*, No. 1:13-cv-1559-EGS (D.D.C.). Those declarations speak for themselves.  Denies the remaining allegations in paragraph 9.

10. Admits the allegations in paragraph ten insofar as they describe content from a letter by Plaintiff dated November 24, 2014.

11. Admits the allegations in paragraph eleven insofar as they describe content from a letter by Defendant dated December 10, 2014.

12576116.1

12. The allegations in paragraph twelve are a legal conclusion to which no response is required. To the extent a response is required, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twelve.

13. The allegations in paragraph thirteen are a legal conclusion to which no response is required. To the extent a response is required, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph thirteen.

## COUNT I

14. The Defendant incorporates its responses to paragraphs one through thirteen as if fully set forth herein.

15. Denies.

16. Denies.

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff is entitled only to relief provided by the Freedom of Information Act, 5 U.S.C. § 552.

### SECOND AFFIRMATIVE DEFENSE

To the extent records responsive to the request exist, the Defendant is entitled to withhold from disclosure certain records or portions of records pursuant to 5 U.S.C. § 552(b).

THIRD AFFIRMATIVE DEFENSE

The Defendant is entitled to take additional time to process the requested records, to the extent such records exist, due to exceptional circumstances.

FOURTH AFFIRMATIVE DEFENSE

The Plaintiff is neither eligible nor entitled to an award for attorneys' fees and costs.

FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's request is overbroad and unduly burdensome.

WHEREFORE, having fully responded to the Plaintiff's complaint, the Defendant prays that this Court dismiss the complaint with prejudice, grant the Defendant its costs of defense, and grant such other relief as may be deemed just and proper under the circumstances.

Dated: April 1, 2015.

/s/ Geoffrey J. Klimas
GEOFFREY J. KLIMAS
STEPHANIE SASARAK
Trial Attorneys, Tax Division
U. S. Department of Justice
Post Office Box 227
Washington, DC  20044
GJK Telephone:  (202) 307-6346
SS Telephone:  (202) 307-2089
Fax: (202) 514-6866
Geoffrey.J.Klimas@usdoj.gov
Stephanie.A.Sasarak@usdoj.gov

OF COUNSEL:

United States Attorney
RONALD C. MACHEN, JR.

12576116.1

CERTIFICATE OF SERVICE

I certify that I served a true and correct copy of the foregoing ANSWER on Plaintiff's counsel through the Court's ECF system this 1st day of April, 2015.

/s/ Geoffrey J. Klimas
GEOFFREY J. KLIMAS
